IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERIC CHILDRESS, | ) Case No. 4:08-1001-SB-TER |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| FCI BENNETTSVILLE WARDEN MR. PETTIFORD; | ) |
| ASSISTANT WARDEN MR. SMITH; | ) |
| ASSISTANT WARDEN MR. KOWINSKI; | ) |
| CAPTAIN MS. DENIES BAWLING; | ) |
| SHU LIEUTENANT D. SCHANTZ; | ) |
| LIEUTENANT L. MILLER; | ) |
| LIEUTENANT SENIOR OFFICER D. MOORE; | ) |
| DOCTOR LUIS BERRIAS; | ) |
| DOCTOR JULIA BERRIAS; | ) |
| NURSE H. HANSEN; | ) |
| CORRECTIONAL OFFICER CASH; | ) |
| CORRECTIONAL OFFICER YOUNG; | ) |
| CORRECTIONAL OFFICER MS. DOUGLAS; | ) |
| CORRECTIONAL OFFICER JONES; | ) |
| CORRECTIONAL OFFICER MS. CARTWRIGHT; | ) |
| UNIT MANAGER J. STREEVAL; | ) |
| CASE MANAGER MR. STEAMER; and | ) |
| COUNSELOR MR. LEWIS, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Eric Childress, filed this action under 42 U.S.C. § 1983[1] on March 25, 2008,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at FCI Bennettsville. Plaintiff is currently housed at FCI Edgefield. Defendants filed a motion to dismiss for failure to exhaust administrative remedies on May 1, 2009, along with a memorandum and exhibits in support of said motion. (Doc.#61). Because plaintiff is proceeding pro se, he was advised on or about May 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss/motion for summary judgment could result in the dismissal of his complaint. The plaintiff failed to file a response to the motion to dismiss. However, plaintiff filed a Notice of Default Judgment on July 6, 2009.[2] (Doc.# 64).

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff brings this Bivens[3] action asserting his constitutional rights were violated when he was a federal inmate housed at FCI Bennesttsville. The plaintiff alleges that defendants subjected him to excessive force and a denial of medical treatment. (Complaint).

Defendants filed their motion to dismiss asserting plaintiff has failed to exhaust his

---

[2] Plaintiff previously filed a Request for Entry of Default. (Doc.#59). Defendants filed a response. Based on the Court's Order of January 12, 2009, the defendants' response to the request showing good cause for any delay, the fact that plaintiff has not shown that any delay was willful or prejudicial, the fact that Officer Young was not served until April 30, 2009, and the fact that defendants filed their motion to dismiss on May 1, 2009, it is recommended that plaintiff's request for entry of Default and Default Judgment be denied.

[3] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

administrative remedies submitting the declaration of Jenifer G. Hollett and exhibits. However, as matters outside of the pleadings were submitted by the parties, the undersigned will address this motion under Rule 56 of the Federal Rules of Civil Procedure.

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to exhaust remedies and submitted the declaration of Jenifer G. Hollett in support of their position along with copies of the Administrative Remedy Generalized Retrieval on plaintiff, a copy of an Informal Resolution Form, and a copy of a response to a Request of Administrative Remedy. (See doc. # 61-1). Hollett states that as part of her duties she has access to the Bureau of Prisons ("BOP") records and official databases concerning, among other things, inmate administrative remedies and location information. (Id.). Hollett asserts that she bases her declaration on the information in official BOP records and databases as well as her personal knowledge. (Id.). Defendants assert that the records reflect plaintiff has filed many different requests for administrative remedy, is familiar with the process, and filed his request for administrative remedy with regard to the incident in his underlying complaint in November 2007. (Id.). Defendants contend the grievance was assigned remedy identification Number 473045-F1 and the grievance was rejected as untimely and not on the proper form. (Id.). Plaintiff attempted to appeal this rejection to the Regional Office but was directed to refile the grievance with the proper documentation at the institutional level. (Id.). Plaintiff resubmitted this appeal at the institution level in December 2007. Said grievance was accepted and, after investigation, Warden LaManna responded to that grievance on January 9, 2008. (Id.). Defendants assert plaintiff attempted to appeal this response to the Regional Office in January 2008, but the claim was again rejected due to his failure to include a copy of the disciplinary action that was referenced in the appeal. (Id.). Plaintiff was directed to resubmit the appeal with the proper

4

documentation and to separate his incident report challenges into separate appeals. Plaintiff was advised to correct the deficiencies and resubmit his claim within ten (10) days. (Id.). Plaintiff did not resubmit his corrected appeal until late February 2008, outside of the period provided. (Id.). The appeal was rejected and plaintiff made no further attempts to exhaust on the claims raised in this litigation. (Id.). Therefore, defendants argue that due to the failure to exhaust his administrative remedies, the issues are not ripe for judicial action. As previously stated, plaintiff has failed to file a response to defendants' dispositive motion.[4]

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The plaintiff may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days from the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 542.15(a), 418 U.S.

---

[4] A review of the complaint reveals that with regard to grievances, plaintiff stated that "Per BOP policy the grievance was started at the institutional level. The BOP is only responding 'for informational purposes' and attempts at Exhaustion are being block and have become futile" and that ". . . his exhaustion of his administrative remedies are being blocked because he is still in the same Regional authority as FCI Bennetsville." (Complaint, p. 3 and 10).

5

539, 557 (1974). The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16.

Based on a review of the complaint and other pleadings in this case, plaintiff has failed to exhaust his administrative remedies. Plaintiff does not dispute his failure to exhaust administrative remedies. In fact, he fails to respond to the motion filed by defendants. Accordingly, it is recommended that defendants' motion for summary judgment (doc. #61) be granted for failure to exhaust administrative remedies.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion to dismiss/ summary judgment (document #61) be GRANTED and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**