IN THE UNITED STATES DISTRICT COURT   RECEIVED
FOR THE DISTRICT OF SOUTH CAROLINA CLERK. CHARLESTON. SC
FLORENCE DIVISION   2010 JAN 27  A 9: 31

Eric Childress, )
   )
   Plaintiff, )
   )
v. )
   )
FCI Bennettsville Warden Mr. Pettiford; )   Civil Action No. 4:08-1001-SB
Assistant Warden Mr. Smith; )
Assistant Warden Mr. Kowinski; )
Captain Ms. Denise Bawling; )
SHU Lieutenant D. Schantz; )
Lieutenant Senior Officer D. Moore; )
Doctor Luis Berrias; )
Doctor Julia Berrias; )
Nurse H. Hansen; )
Correctional Officer Cash; )   **ORDER**
Correctional Officer Young; )
Correctional Officer Ms. Douglas; )
Correctional Officer Jones; )
Correctional Officer Ms. Cartwright; )
Unit Manager J. Streeval; )
Case Manager Mr. Streamer; and )
Counselor Mr. Lewis, )
   )
   Defendants. )
_____ )

This matter is before the Court upon the Plaintiff's pro se complaint, which was filed

pursuant to 42 U.S.C. § 1983. The record contains the report and recommendation

("R&R") of a United States Magistrate Judge, which was made in accordance with 28

U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

The Plaintiff filed the instant action on March 25, 2008, alleging violations of his

constitutional rights. The Defendants filed a motion to dismiss for failure to exhaust

administrative remedies on May 1, 2009, along with a memorandum in support of the

motion and the affidavit of Jennifer G. Hollett. The Magistrate Judge advised the Plaintiff on May 6, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4 th Cir. 1975), of the dismissal and summary judgment procedures and the potential consequences if the Plaintiff failed to respond to the Defendants' motion. The Plaintiff did not file a response to the Defendant's motion but instead filed a notice of default judgment. On December 12, 2009, the Magistrate Judge filed an R&R, recommending that the Court grant the Defendants' motion and dismiss the Plaintiff's complaint for failure to exhaust administrative remedies.[1] The Plaintiff filed timely objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

### I. Summary Judgment[2]

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but determine whether there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the



---

[1] In addition, the Magistrate Judge recommended that the Court deny the Plaintiff's previous request for default based on the Defendants' response to the request. After review, the Court agrees with the Magistrate Judge and denies the Plaintiff's request.

[2] Here, the Defendants filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure; however, because the Defendants relied on matters outside the pleadings, the Magistrate Judge treated the motion as a motion for summary judgment pursuant to Rule 56. Because the Magistrate Judge was correct to do so, the Court overrules the Plaintiff's objection to the Magistrate Judge's reliance on rule 56.

burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.    The Magistrate Judge's R&R

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for such objection. Id.

## DISCUSSION

As the Magistrate Judge noted, the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C. § 1997e states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter v. Nussle, 534 U.S. 516, 523 (2002)). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524.

Here, the Defendants pleaded the affirmative defense of failure to exhaust and

3

submitted the declaration of Jennifer Hollett in support of their motion, along with copies of the Administrative Remedy Generalized Retrieval, a copy of an Informal Resolution Form, and a copy of a response to a Request of Administrative Remedy. Based on the Defendants' filings, as well as the Plaintiff's failure to respond to the Defendants' motion, the Magistrate Judge determined that the Plaintiff failed to exhaust his administrative remedies and recommended that the Court grant the Defendants' motion for that reason.

The Plaintiff objects to the R&R and asserts that he is not required to exhaust his administrative remedies when the effort would be futile, and he further asserts that an inmate is not required to exhaust administrative remedies when he seeks monetary damages. With respect to the Plaintiff's latter claim, the Court notes that even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524; see also Booth v. Churner, 532 U.S. 731, 734, 739 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme). Moreover, with respect to the Plaintiff's former claim – that he is not required to exhaust his remedies because the effort would be futile – a review of the record does not reveal any failure on behalf of prison officials or some other defect in the grievance procedure to indicate futility. Rather, according to Hollett's affidavit, the Plaintiff filed numerous requests for administrative remedies during his incarceration, and he exhausted most, but not all, of his previous filings. In addition, Hollett's affidavit indicates that the Plaintiff was informed of when and how to comply with the administrative remedy process relevant to this action but failed to do so not because of some action or inaction by prison officials, but because of his own inaction. Based on the record currently

4

before the Court, therefore, the Plaintiff's unsupported claim of futility appears to be without merit.

Accordingly, based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 68) is adopted; the Defendants' motion to dismiss for failure to exhaust administrative remedies (Entry 61) is granted; and the Plaintiff's objections (Entry 72) are overruled.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January ___ 2010
Charleston, South Carolina